United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Sheila Oliver  
     Debtor

Case No. 16-10971-amc  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2      User: YvetteWD      Page 1 of 1      Date Rcvd: Nov 03, 2017  
                     Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 05, 2017.  
db           +Sheila Oliver,    605 Lindley Ave.,    Philadelphia, PA 19120-3132

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.        TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.        TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 05, 2017                               Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 3, 2017 at the address(es) listed below:  
         ANDREW F GORNALL    on behalf of Creditor    Nationstar Mortgage LLC agornall@kmllawgroup.com, bkgroup@kmllawgroup.com  
         BRIAN CRAIG NICHOLAS    on behalf of Creditor    Nationstar Mortgage LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com  
         GEORGETTE  MILLER    on behalf of Plaintiff Sheila  Oliver info@georgettemillerlaw.com, georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemillerlaw.com;r50524@notify.bestcase.com  
         GEORGETTE  MILLER    on behalf of Debtor Sheila  Oliver info@georgettemillerlaw.com, georgettemillerlaw@gmail.com;mlee@georgettemillerlaw.com;gmecfmail@gmail.com;cfink@georgettemillerlaw.com;r50524@notify.bestcase.com  
         MATTEO SAMUEL WEINER    on behalf of Creditor    Nationstar Mortgage LLC bkgroup@kmllawgroup.com  
         THOMAS I. PULEO    on behalf of Creditor    Nationstar Mortgage LLC tpuleo@kmllawgroup.com, bkgroup@kmllawgroup.com  
         United States Trustee     USTPRegion03.PH.ECF@usdoj.gov  
         WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com  
                                                 TOTAL: 8

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Sheila Oliver | Debtor | CHAPTER 13 |
| Nationstar Mortgage LLC<br>vs.<br>Sheila Oliver | Movant<br><br>Debtor | NO. 16-10971 AMC |
| Pamela L. Brown | Co-Debtor | 11 U.S.C. Sections 362 and 1301 |
| William C. Miller Esq. | Trustee | |

### STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY, AND ALLOWING TRIAL LOAN MODIFICATION

AND NOW, it is hereby stipulated and agreed by and between the Debtor Sheila Oliver, and the Movant Nationstar Mortgage LLC, by and through their respective counsel, the undersigned, as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is $3,616.38, which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | July 2017 through November 2017 at $592.79/month |
| Less Suspense Balance: | $378.57 |
| Fees & Costs Relating to Motion: | $1,031.00 |
| Total Post-Petition Arrears | $3,616.38 |

2. The Debtor(s) shall cure the aforesaid arrearage in the following manner:

   a). Debtor shall make payments directly to the Secured Creditor in accordance with the terms of the trial loan modification that was offered to the Debtor, under which the first payment is due on September 26, 2017 in the amount of $485.62.

   b). In the event that the trial loan modification is successful and that it results in a permanent loan modification, any outstanding post-petition arrears will be capitalized into the new principal balance per the terms of the loan modification.

   c). In the event that the trial loan modification is unsuccessful and that it does not result in a permanent loan modification, then within fifteen (15) days of being sent a notice of the denial of the loan modification, Debtor shall file a modified Chapter 13 plan that provides for payment of both the pre-petition

and post-petition arrears on the mortgage loan with the Secured Creditor. Debtor shall be responsible for paying any difference in the amount between the trial loan modification payment and the regular mortgage payment, for any months in which the Debtor made a trial modification payment.

    d). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears together with the pre-petition arrears. The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning either with the first mortgage payment due to Movant under the permanent loan modification, or the first mortgage payment due to Movant after the Debtor is denied a loan modification, whichever the case may be, and continuing thereafter, Debtor shall maintain, and pay when due, all of the post-petition monthly mortgage payments owed to the Secured Creditor, which payments are due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event that the Debtor does not fulfill her obligations under Section 2 above, or make the payments due under Section 3 above pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said order. The order shall be in the form set forth in the proposed order filed with Movant's instant Motion for Relief, or in a form substantially similar ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 1, 2017    By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 11/2/17

Georgette Miller, Esquire
Attorney for Debtor

Date: 11-2-17

William C. Miller    JACK MILLER    No objection
Chapter 13 Trustee

Approved by the Court this 3rd day of November, 2017. However, the court retains discretion regarding entry of any further order.

Hon. Ashely M. Chan
Bankruptcy Judge